**FILED**

July 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MICHELE DANIEL TECLE,            §
                                 §
            Petitioner,          §
                                 §
v.                               §            CIVIL NO. SA-26-CV-3921-OLG
                                 §
TODD BLANCHE *et al.*,           §
                                 §
            Respondents.         §

## O R D E R

Pending before the Court is Petitioner Michele Daniel Tecle's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4). After careful consideration, the Petition (Dkt. No. 1) is **GRANTED** as set forth below.

## I.      BACKGROUND

The material facts of this case are not in dispute. Petitioner was born in Italy to Eritrean parents. *See* Dkt. No. 1 at 2. In 1981, he entered the United States as a refugee and subsequently adjusted his status to lawful permanent resident. *See* Dkt. No. 4-1 at 1. On January 31, 2005, Petitioner was convicted of Sexual Exploitation of a Minor. *Id.* On September 10, 2008, Petitioner was convicted of Failure to Comply with Registration Requirements. *Id.* at 2. In light of the foregoing criminal conduct, on June 15, 2010, Petitioner was ordered removed to Italy or, in the alternative, Eritrea. *Id.* Because Immigration and Customs Enforcement ("ICE") was unable to effectuate his removal, he was released under and Order of Supervision ("OSUP"). *Id.* But on September 26, 2025, ICE re-detained him. *Id.* Petitioner has remained in ICE custody ever since.

## II.      LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

### III.   ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the 90-day removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Petitioner asserts entitlement to relief under *Zadvydas*. *See* Dkt. No. 1. Respondents argue that he bears the initial burden of demonstrating "good reason" to believe that removal is unlikely. *See* Dkt. No. 4 at 5–7. Respondents are mistaken. As the Court has repeatedly held, "because this case involves a re-detention based on an OSUP revocation, . . . it is Respondents' burden to show a significant likelihood that Petitioner may be removed." *See Momin v. Noem*, No. SA-25-CV-

2

1017-OLG, Dkt. No. 19 at 3–4 (W.D. Tex. Jan. 8, 2026) (citation modified). They have failed to meet that burden here.

Respondents assert that "removal is, in fact, significantly likely in the reasonably foreseeable future." Dkt. No. 4 at 2. But the record does not support their assertion. Respondents provide virtually no evidence suggesting that they will successfully obtain Petitioner's travel documents. Indeed, Respondents concede that they "are having diplomatic challenges with the Government of Eritrea which has greatly stalled the travel document process." Dkt. No. 4-1 at 3. In any event, Respondents' "burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Mont.*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025).

### IV.   CONCLUSION

Because Respondents have failed to demonstrate that Petitioner's removal is likely in the reasonably foreseeable future, the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall **RELEASE** Petitioner under conditions of release similar to those contained in his prior OSUP within **two days of the entry of this Order**

This   case   is   **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on July 17, 2026.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE